**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

TORMU E. PRALL,                   :
                                  :   Civil Action No. 09-2603 (FLW)
            Petitioner,           :
                                  :
            v.                    :   **OPINION**
                                  :
EAST WINDSOR MUNICIPAL COURT, :
                                  :
            Respondent.           :

**APPEARANCES:**

> **TORMU E. PRALL**, Petitioner pro se
> #531669
> Mercer County Correction Center
> P.O. Box 8068
> Trenton, New Jersey 08650

**WOLFSON**, District Judge

This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed by petitioner Tormu E. Prall ("Prall"), on or about May 28, 2009. The sole respondent is the East Windsor Municipal Court. Petitioner submitted an incomplete application to proceed in forma pauperis, which does not include a certification from an authorized official at Mercer County Correction Center ("MCCC") regarding petitioner's account balance. See Local Civil Rule 81.2(b). However, because it appears that Prall is not entitled to issuance of the writ, the Court will dismiss the Petition, and direct that the action be closed without assessing any fees or costs.

I.   <u>BACKGROUND</u>

According to the allegations contained in the petition,
Prall alleges that he has an open case in East Windsor Municipal
Court for which a detainer has been lodged against Prall with the
Mercer County Correction Center.  Significantly, Prall fails to
identify the "open case" or charge, nor does Prall explain the
basis for his present detention, which is unrelated to the East
Windsor charge.  Prall alleges that the municipal court judge has
delayed this case in conspiracy with the East Windsor police, who
harass petitioner every time he goes to court in East Windsor.
Prall now claims that he has been detained for longer than the
maximum six-month possible sentence he can receive for the charge
underlying the East Windsor Municipal Court detainer.  Prall
further alleges that he can not pursue his state court remedies
through the state appellate process until East Windsor
adjudicates the underlying charge.  Accordingly, Prall asks this
Court to direct the East Windsor Municipal Court to hold a
hearing on the underlying charge or release Prall from custody.

Prall is not a stranger to this Court.  Since his
extradition from Connecticut to New Jersey in October 2008, Prall
has filed ten (10) actions within the United States District
Court for the District of New Jersey, including this habeas

2

petition.[1]  This Court also takes judicial notice of a criminal
complaint filed in this District Court on August 26, 2008, United
States v. Prall, Mag. No. 08-M-1127 (JJH), stating that:

> On or about September 26, 2007 in the District of New Jersey
> and elsewhere, the defendant, Tormu Prall, did knowingly and
> wilfully move and travel in interstate and foreign commerce
> with the intent to avoid prosecution under the laws of the
> place from which he fled, namely, New Jersey, for a crime
> which is a felony under the laws of that State,
> specifically, homicide, contrary to N.J.S.A. 2C:11-3a(3).

The criminal investigator with the United States Marshals Service
filed the criminal complaint alleging that the above act by Prall
was a violation of 18 U.S.C. § 1073.  The complaint was based on
the following facts from the investigator's reports and
involvement with this fugitive investigation, filed as Attachment
B to the criminal complaint:

> 1.  On or about September 25, 2007, John Prall was killed
> when he was burned during an arson which was committed at a
> residence in Mercer County, New Jersey.
> 2.  On or about October 10, 2007, a criminal complaint was
> filed against defendant Tormu Prall in Mercer County

---

[1]  The nine other cases are as follows: Prall v. Ellis,
Civil No. 08-6050 (FLW)(closed May 5, 2009); Prall v. Ellis,
Civil No. 09-271 (GEB)(closed February 20, 2009); Prall v. City
of Boston, et al., Civil No. 09-272 (FLW)(closed January 23,
2009); Prall v. Superior Court of New Jersey, Law Division,
Mercer County, Civil No. 09-1531 (MLC)(closed April 8, 2009);
Prall v. Superior Court of New Jersey, Law Division, Mercer
County, Civil No. 09-1831 (MLC)(on appeal April 29, 2009, COA
denied July 2, 2009); Prall v. Trenton Municipal Court, Civil No.
09-2466 (MLC)(pending); Prall v. Assignment Judge, Civil No. 09-
2608 (FLW)(pending); Prall v. Burlington City Municipal Court,
Civil No. 09-2615 (NLH)(pending); and Prall v. Bucks County Court
House, Civil No. 09-3088 (FLW)(pending).  All of the pending
cases raise a similar claim as asserted here but are directed
toward different state, municipal or county courts.

Superior Court, charging him with the New Jersey state felony offense of homicide, contrary to N.J.S.A. 2C:11-3a(3).  Pursuant to that complaint, a warrant for the arrest of defendant Prall was issued.

3.  Following the homicide referenced in Paragraph 1 above, the United States Marshals Service and the Trenton Police Department conducted numerous interviews of associates and family members of defendant Tormu Prall.  This extensive investigation conducted by law enforcement authorities to locate Prall in the State of New Jersey has been met with negative results.

4.  On May 17, 2008, Prall was arrested by local police in Boston, Massachusetts on charges of drinking in public.  At the time of his arrest, Prall provided an alias name and identifiers.  Prall was subsequently fingerprinted and released from custody under the alias name he provided.  On May 19, 2008, the fingerprints left by Prall in Boston were analyzed against fingerprints on file in the FBI national fingerprint database for Prall revealing that he was in fact the same person arrested for drinking in public.  Members of the U.S. Marshals Service New York/New Jersey Regional Fugitive Task Force responded to the Boston area to assist with the fugitive investigation on May 19, 2008.  During the investigation in Boston, it was learned that Prall had committed another arson of an apartment building housing persons with physical and mental disabilities in the neighboring town of Cambridge, Massachusetts.

5.  On August 2, 2008, Prall, again using an alias, was identified by local police in Providence, Rhode Island as a suspect in an assault and robbery occurring there.  Warrants were subsequently issued for Prall's arrest by Providence Police on August 2, 2008.

6.  On August 3, 2008, Prall was identified as a suspect regarding a vehicle theft from North Kingston, Rhode Island.

7.  On August 6, 2008 Prall was identified as a suspect in a residential burglary which occurred in Morrisville, Pennsylvania.  An arrest warrant charging Prall with burglary was subsequently issued by Morrisville Police on August 6, 2008.  During the burglary in Morrisville, Pennsylvania, witnesses provided statements identifying Prall as carrying stolen items from a residence and loading the items into the vehicle which had been reported stolen from Rhode Island.  The stolen vehicle was later recovered unoccupied in Hartford, Connecticut.

(Attachment B to Criminal Complaint, Mag. No. 08-M-1127 (JJH)).

Based on the above, it would appear that Prall was extradited from Connecticut and brought to New Jersey to face the above-mentioned state criminal charges against him in the New Jersey state courts.  This Court further notes Prall's allegations in his earlier action in this Court, <u>Prall v. Ellis</u>, Civil No. 08-6050 (FLW), in which he also admitted that he was awaiting sentencing on a conviction entered against him in absentia in the Superior Court of New Jersey, Law Division, Mercer County, in November 2007.  Consequently, it is clear to this Court that Prall's current detention is not based on the detainer allegedly issued against him by East Windsor Municipal Court.

II.  <u>ANALYSIS</u>

A.  <u>Standards for a Sua Sponte Dismissal</u>

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Prall brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney</u>

5

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.   Jurisdictional Issue

Federal courts do have jurisdiction, under 28 U.S.C. § 2241, to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding.  Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975).  Addressing whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the United States Court of Appeals for the Third Circuit has held:

(1)   federal courts have "pre-trial" habeas corpus jurisdiction;

(2)   that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;

(3)   where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Id. at 443.

Here, Prall appears to challenge the detainer lodged against him by the East Windsor Municipal Court.  However, Prall is not being held pursuant to the detainer; instead, his state court detention is related to the other crimes from which he fled prosecution and is now awaiting trial.  Any challenge to his

6

present detention must be made to the state court conducting the criminal proceedings for which he is being held.  Prall has not alleged that he has exhausted his state remedies in this regard.  Moreover, Prall fails to allege any "extraordinary circumstances" justifying intervention by a federal court.

Indeed, Prall has not described any effort he has made to test the lawfulness of his pre-trial detention in the New Jersey state courts since his extradition.  Thus, it would appear that Prall simply prefers to test the lawfulness of his pretrial detention in federal court without first presenting his claims for state court review.  Given the complete absence of any "exceptional circumstances" that would justify federal intervention in Prall's pending state proceedings, this Court finds that the petition must be dismissed at this time.

III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.[2] A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional

_____

[2]   While Prall has packaged his petition as one for habeas relief under 28 U.S.C. § 2241, it may be construed as a § 2254 habeas petition because Prall is challenging his state court detention.  Therefore, for the sake of expediency, this Court, having determined that the petition should be dismissed, will next consider whether a certificate of appealability should issue.

right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that this Court was correct in its procedural ruling that Prall has failed to exhaust his state remedies and that he has not alleged facts demonstrating "extraordinary circumstances" that would justify pretrial intervention in Prall's pending state criminal matters.  Accordingly, no certificate of appealability will issue.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, the petition for habeas relief under 28 U.S.C. § 2241 will be dismissed without prejudice.  This Court makes no determination as to the merits of petitioner's claims.  No certificate of appealability will issue.  An appropriate Order follows.


 /s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge


DATED:  July 27, 2009

9