**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TORMU E. PRALL, | Civil No.: 09-2603 (FLW) |
| Petitioner, |  |
| v. | **O P I N I O N** |
| EAST WINDSOR MUNICIPAL COURT, |  |
| Respondent. |  |

**APPEARANCES**:

    TORMU E. PRALL, Petitioner Pro Se
    #700294B/650739
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625

**WOLFSON**, District Judge

    This matter comes before the Court upon the motion of pro se petitioner, Tormu E. Prall ("Prall") for vacatur and other relief, with respect to this Court's Opinion and Order entered on July 27, 2009, which had dismissed without prejudice this action. (Docket entry no. 2 and 3).  Prall submitted his application for vacatur on or about March 23, 2011, with respect to this matter and with regard to several other cases that were dismissed, namely, Prall v. Ellis, Civil No. 08-6050 (FLW); Prall v. City of Boston, et al., Civil No. 09-272 (FLW); Prall v. Assignment

Judge, Civil No. 09-2608 (FLW); and <u>Prall v. Bucks County Court House</u>, Civil No. 09-3088 (FLW).[1]  (Docket Entry No. 10).

This motion for vacatur, with respect to the instant matter only, is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the motion will be denied.

## I.  BACKGROUND

In his petition, filed on or about May 28, 2009, Prall challenged his detention, asking this Court to direct the East Windsor Municipal Court to hold a hearing on his underlying charges or release Prall from custody.  In an Opinion and Order entered on July 27, 2009, this Court dismissed Prall's habeas petition finding that Prall was not being held pursuant to the detainer as alleged.  Instead, this Court found that Prall's state court detention was related to the other crimes from which

---

[1] These several matters were referenced in the caption of the motion for vacatur submitted in this action.  However, the Court notes that Mr. Prall has filed motions for vacatur in his other closed cases as follows: <u>Prall v. Trenton Municipal Court</u>, Civil No. 09-2466 (MLC)(motion filed on March 15, 2011, docket entry no. 4); <u>Prall v. Burlington City Municipal Court</u>, Civil No. 09-2615 (NLH)(motion filed on March 23, 2011, docket entry no. 8); <u>Prall v. Ellis</u>, Civil No. 09-271 (GEB)(motion filed on March 23, 2001 and denied on April 21, 2011, docket entry nos. 4 and 5, respectively); <u>Prall v. Superior Court of New Jersey, Law Division, Mercer County</u>, Civil No. 09-1831 (MLC)(motion filed on March 15, 2011, docket entry no. 11); and <u>Prall v. Superior Court of New Jersey, Law Division, Mercer County</u>, Civil No. 09-1531 (MLC)(motion filed on March 15, 2011, docket entry no. 6).  In addition, on February 3, 2011, Prall has filed a motion for vacatur in his now-pending case, <u>Prall v. Bochinni, et al.</u>, Civil No. 10-1228 (FLW).

he fled prosecution and was then awaiting trial.  Further, this Court found that, any challenge to Prall's present detention must be made to the state court conducting the criminal proceedings for which he is being held.  Because Prall did not allege that he had exhausted his state remedies, nor did he describe any effort he had made to test the lawfulness of his pre-trial detention in the New Jersey state courts since his extradition, and because Prall failed to allege any "extraordinary circumstances" justifying intervention by a federal court, this Court dismissed the habeas petition pursuant to Moore v. DeYoung, 515 F.2d 437 (3d Cir. 1975).  (See July 27, 2009 Opinion, Docket entry no. 8).

    Thereafter, Prall filed this motion for vacatur and other relief on March 23, 2011, almost 20 months after entry of this Court's Order dismissing the petition without prejudice.  Among other delusory, contrived and vituperative accusations, Prall alleges that this Court (1) rendered a biased opinion and acted as "prosecutor" by advancing the private interests of the U.S. Marshals and local police, (2) "attempted to improperly influence other judges to treat petitioner in a demonstrably egregious and hostile manner and to dislike the petitioner personally," (3) "misused her appointment power to show favoritism" to the U.S. Marshals, (4) "vilified petitioner's character, credibility, reputation and record," and (5) failed to demonstrate "integrity, impartiality, propriety and independence."  (See Petitioner's

Motion, docket entry no 4-1).  Prall provides no basis for these argumentative and conclusory statements.

## II.  ANALYSIS

This Court will construe Prall's motion for vacatur as a motion for reconsideration of the Court's Opinion and Order dismissing the petition.  Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).  Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id.  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability

4

of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(I). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made

5

the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Prall fails to provide any evidence to show that this Court "overlooked" a factual or legal issue that may alter the

disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration.  He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.  Rather, Prall asserts obfuscatory and unsupported allegations regarding this Court's character and judicial conduct that are wholly unrelated and unresponsive to the Court's actual ruling on the law.  Consequently, Prall fails to satisfy the threshold for granting a motion for reconsideration.  Prall's only recourse, if he disagrees with this Court's decision, should be via the normal appellate process.  He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. **CONCLUSION**

Therefore, for the reasons expressed above, Prall's motion for vacatur and other relief (docket entry no. 4) will be denied for lack of merit.  An appropriate Order follows.


                                        s/Freda L. Wolfson
                                        FREDA L. WOLFSON
                                        United States District Judge

Dated: August 15, 2011